## THE PEOPLE v. BARRIE.

*Plank-roads—Turnpikes—Powers of Inspectors.*

*Mr. Cranbur* for Appellant.
*Mr. Hitchings* for Respondent.

Grover, J. (dissenting).—The Judge upon trial held, as matter of law, that the Defendant was authorized to act as inspector of plank-roads in the county of Kings, and, upon that ground, direct-ed a verdict for the Defendant, to which ruling the counsel for the People excepted. The only question presented to this Court is, whether such ruling was correct. The inquiry as to what au-thority the Defendant claimed to act under is wholly immaterial here.

It was proved, on the part of the People, that Philip Hamilton and two others, not including the Defendant, were duly appointed inspectors of plank-roads by the Board of Supervisors of Kings County, on the 16th of December, 1850, and that they took the requisite oath, as such, within the time required by law. It was further proved that the Defendant and two others were duly appointed by said board inspectors of turnpikes for said county, April 3, 1863, and that the Defendant duly qualified as such.

The road in question was constructed and operated by a com-pany incorporated pursuant to chap. 210 of the laws of New York (vol. iii., page 549, Edm. ed.). Section 33 of the act provides that in counties in which there shall be any plank or turnpike roads constructed by virtue of the act, there shall be appointed, by the Board of Supervisors, three inspectors of such roads. Sec-tion 34 prescribes the powers of such inspectors, which relate exclusively to determining when parts of, or the entire road, is completed according to the act, but confers no power in relation to the condition of the road after such completion.

Section 47 makes applicable to the companies organized under the act various sections of the Revised Statutes, among which are sections 40, 41 of such statutes, and applies the same to all in-

spectors and officers named therein, so far as the same can be so applied. Section 41 of the Revised Statutes, so applied, provides for making complaint to inspectors that the road is out of repair, and for the action to be taken thereon by the inspector, which may result in ordering the opening of the toll-gates upon the road. In 1847 the legislature passed an act, chap. 45 (3d Edmonds, 566), providing for the appointment in each county in which there was a turnpike road, whose act of incorporation contained no provision to protect the public against taking toll when the road was out of order, of not less than three, nor more than five inspectors of such roads. Section 10 of chap. 250 (page 374) of the laws of 1849, provides that when complaint shall be made to any inspectors of any plank-road or turnpike, the fees of such inspector shall be paid to him by the complainant. It is insisted by the counsel for the Defendant that turnpike roads include all roads upon which gates are authorized to be erected, at which toll is taken, irrespective of the material used in their construction. The language as defined by lexicographers will justify such construction, but as so defined it may be construed to include such roads only as are commonly called turnpikes. The legislature manifestly used it in the latter sense. This appears from various sections of the act, particularly section 10. Section 33 of the act, we have seen, conferred no power upon the inspectors provided by the act to cause the gates to be opened or removed, upon the ground that the road was out of order.

But I think sections 40, 41 of the Revised Statutes, made applicable to the company and officers by section 47, did confer such power upon those officers, and not upon the inspectors of turnpikes. Such is the import of the language used. It confers the powers specified, in the sections applied, upon the officers created by the act, and not upon other officers.

It follows that two classes of inspectors, in counties requiring the same, are to be appointed—one inspectors of turnpikes, and the other inspectors of plank-roads—and that the latter only can act as such upon plank-roads. The Defendant having been appoint-

ed inspector of turnpikes only, was not authorized to act upon the road in question.

Some evidence was given tending to show that the road in question had ceased to be a plank-road, that *its surface—and* no portion thereof—was at the time covered with plank, but that the road-bed was constructed of other materials. Section 2, chap. 87 of laws of 1854 (3 Edm. Stat. at L. 582), provides that any plank-road or turnpike company within this State, which shall once have laid their road with plank, may thereafter relay the same, or any part thereof, with broken stone, gravel, &c., and shall be entitled to collect the same tolls as under the laws of 1853. This provision authorizes plank-road companies to change their roads from planks to turnpikes, in the sense in which the legislature have used the term turnpike roads. When this change is effected, the road becomes a turnpike road to all intents and purposes, the same as if originally constructed as such, and consequently becomes subject to the official action of inspectors of turnpikes.

As above remarked, evidence was given tending to show that the road in question had thus been changed.

Had this been indisputably established, the direction of the Judge to the jury, to find a verdict for the Defendant, would have been correct; but this question was treated by the learned Judge as immaterial. The evidence of the Plaintiff upon this point may not have been given. The learned Judge held that the Defendant was authorized to inspect plank-roads, by virtue of his office of inspector of turnpikes. This was error, but my brethren are of opinion that this error did not prejudice the Plaintiff, for the reason that in their opinion there was not sufficient evidence tending to show that the Defendant acted or claimed to act as inspector of plank-roads, to render it proper to submit this question to the jury, and that the Defendant was upon this ground entitled to a verdict, and upon this ground the judgment is affirmed.

The judgment was affirmed by all the Judges, except GROVER. The majority of the Court are of the opinion that Judge

Grover is right in his statement of the law, but that he mistakes the facts of the case.

No other opinion in the case.

JOEL TIFFANY,
State Reporter.